IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANDY WRIGHT, )
)
    Plaintiff, )
)
)
v. ) Civil Action No. 14-1575
) Hon. Nora Barry Fischer
MIKE TABACHNICK, DR. CUTLIP, )
)
    Defendants. )

## ORDER OF COURT

AND NOW, this 18th day of November, 2014, upon consideration of Plaintiff Sandy Wright's Pro Se Motion to Proceed In Forma Pauperis (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of Pro Se Plaintiff Sandy Wright ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, without prejudice.

Pursuant to 28 U.S.C. § 1915(e), the Court is under an obligation to evaluate the allegations in the Complaint prior to ordering service of same, in order to determine if the Court has subject matter jurisdiction over the case. *See* 28 U.S.C. § 1915(e); *see also Johnson v. Philadelphia Housing Authority*, 448 F. App'x 190, 192 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit has recognized that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein

1

there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163, 2009 WL 1911764, 1 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

In this Court's estimation, Plaintiff's Complaint fails to establish the existence of federal jurisdiction as there is no basis for the exercise of federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under § 1332. *See id.*

With respect to federal question jurisdiction, Plaintiff states in her Civil Cover Sheet that this is a federal question case. (Docket Nos. 1-1, 1-2). However, she has cited no federal statute, law or treaty or provision of the Constitution upon which her claims rely. (*Id.*). She notes that her claims are torts in the subcategory including assault, libel and slander. (*Id.*). Further, the bare allegations in her Complaint against a doctor and medical provider, liberally construed, sound in negligence or medical malpractice, which are generally state common law causes of action. (Docket No. 1-1). Hence, there is no basis for the exercise of federal question jurisdiction in this case. *See Levin v. OMSNIC*, 573 F. App'x 142, 143 (3d Cir. 2014) (district court lacked federal question jurisdiction over medical malpractice action).

The Court further finds that Plaintiff has likewise failed to show that the Court may exercise diversity jurisdiction over this case because both Plaintiff and Defendant Dr. Cutlip are citizens of Allegheny County, Pennsylvania. *See McCracken*, 335 F. App'x. at 162-163. Accordingly, the parties are not completely diverse under 28 U.S.C. § 1332.

For these reasons, Plaintiff has not met her burden to establish that this Court has subject

2

matter jurisdiction over this case. Accordingly, Plaintiff's Complaint is hereby DISMISSED, without prejudice. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: Sandy Wright, *pro se*
944 Brookline Ave.
Pittsburgh, PA 15226
(via first class mail)